**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

RECEIVED

2006 SEP 25  A 11: 22

TOMMY JONES AND DIANNE JONES,    )
                                 )
          Plaintiffs,            )
                                 )
v.                               )
                                 )
CITIFINANCIAL MORTGAGE COMPANY,  )
INC.; ASSOCIATES FINANCIAL SERVICES )
COMPANY OF ALABAMA, INC.;        )
CITIFINANCIAL CORPORATION 216, LLC; )
Defendants A, B, And C, intending to designate )
that person, firm, or corporation commonly )
known as and doing business as (or formerly )    CIVIL ACTION NO. 2'06CV 850-MHT
doing business as) CitiFinancial Mortgage )
Company, Inc., Associates Financial Services )
Company of Alabama, Inc., and/or CitiFinancial )
Corporation 216, LLC; Defendants D, E, and F, )
intending to designate that person, firm, or )
corporation which is successor or assign of any of )
the above-named Defendants and which is the )
holder or assignee of the promissory note, )
extension agreement, or mortgage from the )
Plaintiffs,                      )
                                 )
          Defendants.            )
                                 )

---

## NOTICE OF REMOVAL

---

**COME NOW,** pursuant to the provisions of 28 U.S.C. §§ 1332, 1441 and 1446,

Defendants CitiMortgage, Inc. (successor by merger to CitiFinancial Mortgage Company, Inc.)

and CitiFinancial Corporation, LLC (successor by merger to CitiFinancial Corporation 216, LLC

successor by merger to Associates Financial Services Company of Alabama, Inc.) (collectively

"Defendants"), by and through their undersigned counsel, appearing specially so as to preserve

any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all

1501263

defenses under the federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and hereby give notice of the removal of this action from the Circuit Court of Lowndes County, Alabama, to the United States District Court, Middle District of Alabama, Northern Division, and in support thereof, state as follows:

1.      Plaintiffs Tommy and Dianne Jones ("Plaintiffs") commenced this action by filing a complaint against Defendants in the Circuit Court of Lowndes County, Alabama, Civil Action Number CV-06-97, which is a state court within this judicial district.

2.      In the Complaint, Plaintiffs assert claims of fraud and misrepresentation, concealment, breach of contract, conversion and equitable relief based upon Defendants' alleged misrepresentations, misapplication of payments and improper credit reporting associated with a mortgage loan Plaintiffs obtained from Defendants.    Plaintiffs allege that as a result of Defendants' conduct, Plaintiffs have been "subjected to worry, concern, and mental distress" and seek damages for "mental and emotional distress due to the potential loss of their home" as well as an unlimited amount of compensatory and punitive damages. (Plaintiffs' Complaint, ¶ 11 and Count Five.)

## DIVERSITY JURISDICTION EXISTS OVER THIS ACTION

3.      This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a)     Except as otherwise expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the District Court of the United States for the district or division embracing the place where such action is pending.  For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

> (b)     Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the constitution, treaties, or laws of the United

States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendant is a citizen of the State in which such action is brought.

4.    This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), as amended, which provides in pertinent part as follows:

(a)    The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and cost, and is between -

(1)    citizens of different states. . .

5.    According to the allegations in Plaintiffs' Complaint, Plaintiffs are resident citizens of the State of Alabama. (Plaintiffs' Complaint, ¶ 1.)

6.    CitiMortgage, Inc. is a corporation organized and existing under the laws of the State of New York, with its principal place of business located in the State of Missouri. Accordingly, CitiMortgage, Inc. is a citizen of the States of New York and Missouri for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

7.    CitiFinancial Corporation, LLC is a single member limited liability corporation. CitiFinancial Corporation, LLC's single member is CitiFinancial, Inc., an Iowa corporation with its principal place of business in Maryland. Therefore, CitiFinancial Corporation, LLC is a resident of the States of Iowa and Maryland for diversity jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1).

8.    Therefore, there is complete diversity among the parties.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

9.    Diversity jurisdiction's amount in controversy requirement is also satisfied.  28 U.S.C. § 1332.

10.    The amount in controversy in this action clearly exceeds the sum or value of $75,000, exclusive of interest and costs, notwithstanding the fact that the Complaint does not set forth the amount of damages claimed.  It is well-settled that an indeterminate complaint "does not show that the case is *not removable*, it simply does not comment on federal jurisdiction." *Robinson v. Quality Ins. Co.,* 633 F. Supp. 572, 574 (S.D. Ala. 1986).  Where the defendant seeks to remove a case based on diversity jurisdiction and the plaintiff's complaint does not allege the monetary amount of the damages sought, the defendant must show by only a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Williams v. Best Buy Co.,* 269 F.3d 1316, 1319 (11th Cir. 2001).

11.    It is clear that if the allegations of the Complaint are correct, the amount in controversy requirement of $75,000 would be satisfied.  In the Complaint, Plaintiffs allege that Defendants committed fraud and conversion, as well as a breach of Plaintiffs' loan agreement.  For this alleged conduct, Plaintiffs seek unlimited amounts of both compensatory and punitive damages, and the "compensatory" damages go well beyond Plaintiffs' out-of-pocket expenses.  Plaintiffs seek consequential damages including unlimited damages for mental and emotional distress.  Plaintiffs also allege that as a result of Defendants' alleged conduct, Plaintiffs "have been unable to secure additional credit" . . . "due to bad credit report which has been issued by Defendants as a result of this loan." (Plaintiffs' Complaint, ¶ 11.)  When all of these demands are considered, there is no question that the amount in controversy requirement is clearly met.

12.    Plaintiffs seek a declaratory judgment that the subject mortgage has been satisfied and paid in full.  According to the Complaint, the amount in dispute related to this claim equals **$23,225.79**.  (Plaintiffs' Complaint, ¶ 8 & Count One.) Additionally, Plaintiffs seek, pursuant to Ala. Code § 8-8-12, reimbursement and refund of all interest and finance charges paid during the

course of the loan.    (Plaintiffs' Complaint, Count Five.)    As a result, Plaintiffs seek the reimbursement of interest and finance charges in an amount of **$57,297.41** ($83,647.41 (total amount of payments allegedly paid by Plaintiffs) minus $26,350.00 (alleged principal amount of loan)).  Notwithstanding the compensatory and punitive damages Plaintiffs seek relating to fraud, misrepresentation and conversion (and alleged resulting mental and emotional distress) the alleged damages related to these two claims <u>alone</u> (**$80,523.20** ($23,225.79 + $57,297.41)) indisputably exceeds the jurisdictional requirement of this Court.    Accordingly, the amount in controversy requirement is met.

13.    Further, as this Court is aware, compensatory damages in fraud and conversion actions in Alabama have often resulted in substantial recoveries for mental anguish, emotional distress, and other similar harms well exceeding the $75,000 required for diversity jurisdiction. Recent jury verdicts in Alabama reflect the potential magnitude of compensatory damages claims for mental and emotional distress arising from similar allegations. *See New Plan Realty Trust v. Morgan*, 792 So. 2d 351 (Ala. 2001) (awarding $100,000 in compensatory damages, the majority of which for mental anguish, in conversion action); *Prudential Ballard Realty Co. v. Weatherly*, 792 So. 2d 1045 (Ala. 2000) ($250,000 compensatory damage award, mostly attributable to mental anguish, in fraud matter); *Jeter v. Orkin Exterminating Company, Inc.*, 832 So. 2d 25 (Ala. 2001) ($300,000 mental anguish awarded in fraud and breach of contract matter); *Oliver v. Towns*, 770 So. 2d 1059 (Ala. 2000) ($67,800 metal anguish award); *New Plan Realty Trust v. Morgan*, 792 So. 2d 351 (Ala. 2000) (in a conversion claim, more than half of the $100,000.00 award of compensatory damages was attributed to mental anguish); *Sparks v. Cash America International, Inc.*, 789 So. 2d 231 (Ala. 2000) (in fraud and breach of contract claim, $50,000.00 of the $75,000.00 compensatory damage award was attributed to mental anguish);

*Liberty National Life Ins. Co. v. Caddell*, 701 So. 2d 1132 (Ala. 1997) (awarding $50,000 in compensatory damages for mental anguish resulting from alleged conversion); *Hare v. Mutual Savings Life*, CV-94-529, 1997 WL 743899 (LRP JURY) (awarding $500,000 in compensatory damages for alleged insurance fraud where primary injury was emotional distress); *Mallard v. Countrywide Funding Corp.*, CV-95-199, 1997 WL 743898 (LRP JURY) (awarding $1,000,000 in compensatory damages to two Plaintiffs for emotional distress caused by fraud); *Ball v. ALFA Realty, Inc.*, CV-95-103, 1997 WL 850611 (LRP JURY) (awarding $100,000 in compensatory damages for emotional distress suffered as a result of fraud); *Norwood v. Glen Lanes Realty Co.*, CV-96-391, 1997 WL 996325 (LRP JURY) (awarding $200,000 in compensatory damages for emotional distress resulting from fraud); *Gallant v. Prudential Ins. Co. of America,* CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $430,000 in compensatory damages for alleged insurance fraud); *Sperau v. Ford Motor Co.*, CV-91-34, 1994 WL 180700 (LRP JURY) (awarding $4,492,000 in compensatory damages to four Plaintiffs for emotional distress allegedly caused by fraud).

14.    In this case, punitive damages alone could clearly exceed $75,000. In many recent fraud cases, a number of which arose out of lending and insurance transactions, defendants have suffered punitive damages awards well in excess of $75,000. *See Jeter v. Orkin Exterminating Co.*, *supra*, ($2,000,000 punitive damages awarded in fraud and breach of contract matter); *Johns v. A.T. Stephens Enterprises, Inc.*, 815 So. 2d 511 (Ala. 2001) ($150,000.00 punitive damage award in conspiracy to convert matter); *Travelers Indemnity Co. of Illinois v. Griner*, 809 So. 2d 808 (Ala. 2001) ($200,000.00 punitive damage award in fraud and outrage matter); *New Plan Realty Trust v. Morgan*, 792 So. 2d 351 (Ala. 2000) ($100,000 punitive damage award in conversion and trespass matter); *Sparks v. Cash America International, Inc.*,

789 So. 2d 231 (Ala. 2000) ($225,000 award of punitive damages in fraud and breach of contract matter); *Cooper & Co. v. Lester*, 832 So. 2d 628 (Ala. 2000) (punitive damage awards ranging from $178,538.00 to $250,000.00 in fraud action); *Prudential Ballard Realty Co. v. Weatherly, supra*, (award of $750,000.00 of punitive damages in fraud action); *Oliver v. Town*, 770 So. 2d 1059 (Ala. 2000) ($249,000.00 award of punitive damages in conversion action); *Chrysler Corp. v. Schiffer*, 736 So. 2d 538 (Ala. 1999) ($150,000.00 award of punitive damages in fraud and breach of contract matter); *Life Insurance Company of Georgia v. Parker*, 726 So. 2d 619 (Ala. 1998) ($150,000.00 award of punitive damages in insurance fraud matter); *Patel v. Patel*, 708 So. 2d 159 (Ala. 1998) ($225,000.00 award of punitive damages in fraud and breach of contract matter); *Talent Tree Personnel Srvs., Inc. v. Fleenor*, 708 So. 2d 917 (Ala. 1997) ($1,500,000.00 award of punitive damages in fraud and breach of contract matter); *American Pioneer Life v. Williamson*, 704 So. 2d 1361 (Ala. 1997) ($750,000.00 award of punitive damages in fraud and breach of contract case); *Union Sec. Life Ins. Co. v. Crocker*, 709 So. 2d 1118 (Ala. 1997) ($1,000,000.00 award of punitive damages in insurance fraud matter); *Life Ins. Co. of Georgia v. Johnson*, 725 So. 2d 934 (Ala. 1998) ($3,000,000.00 award of punitive damages in insurance fraud action); *Hillcrest Center, Inc. v. Rone*, 711 So. 2d 901 (Ala. 1997) ($94,000.00 award of punitive damages in fraudulent inducement action); *First Commercial Bank v. Spivey*, 694 So. 2d 1316 (Ala. 1997) ($500,000.00 award of punitive damages in fraud and breach of contract matter); *Carlisle v. Whirlpool Fin. Nat'l Bank*, No. 97-068 (Circuit Court of Hale County, Alabama), (the jury awarded the Plaintiff punitive damages in the amount of approximately $582 million in a case in which fraud allegations were asserted. The amount of punitive damages was later remitted to $300 million.); *Gallant v. Prudential Ins. Co. of America* , CV-93-50, 1994 WL 180709 (LRP JURY) (awarding $33,000,000 in punitive damages); *Ford Motor Co. v. Sperau,*

708 So. 2d 111 (Ala. 1997) ($1,792,000 in punitive damages); *Johnson v. Mercury Finance Co.,* CV-93-52, in the Circuit Court of Barbour County, Alabama, Clayton Division (Plaintiff, buyer of used cars, alleged that defendant fraudulently failed to disclose a $1,000 discount for which defendant purchased the non-recourse note. Jury awarded $90,000 in compensatory damages, and $50,000,000 in punitive damages. The award of punitive damages was remitted to $2,000,000.); *Key v. Prudential Insurance Co., et al.,* CV-93-479, in the Circuit Court of Marshall County, Alabama (August 28, 1995) (The Plaintiff alleged that the insurance agent misrepresented that no additional premium payments would be required. Jury awarded $25,000,000 in punitive damages.); *Foremost Insurance Co. v. Parham,* 693 So. 2d 409 (Ala. 1997) (Jury awarded $6,000 in compensatory damages, and $7,500,000 in punitive damages. The punitive damages were later remitted to $175,000.).

15.    When all of Plaintiffs' demands for unlimited out-of-pocket, consequential, and punitive damages are considered, there is no question that the amount in controversy requirement has been established.

## PROCEDURAL REQUIREMENTS

16.    This case is a civil action within the meaning of the Acts of Congress relating to the removal of cases.

17.    Federal jurisdiction exists under 28 U.S.C. § 1332, as this civil action is between citizens of different states, and the amount in controversy exceeds $75,000.

18.    True and correct copies of "all process, pleadings, and orders" are attached hereto as Exhibit "A" in conformity with 28 U.S.C. § 1446(a). There are no other process, pleadings, or orders served upon Defendants to date in this case.

19.     This Notice of Removal is filed within the time frame set forth in 28 U.S.C. § 1446.

20.     Defendants have heretofore sought no similar relief.

21.     The United States District Court for the Middle District of Alabama, Northern Division, is the court and division embracing the place where this action is pending in state court.

22.     Defendants reserve the right to supplement their Notice of Removal by adding any jurisdictional defenses which may independently support a basis for removal.

23.     Contemporaneously with the filing of this Notice of Removal, Defendants have filed a copy of same with the clerk of the Circuit Court of Lowndes County, Alabama. Written notice of the filing of this Notice of Removal has also been served upon Plaintiffs.

**WHEREFORE, PREMISES CONSIDERED,** Defendants pray that the Court will take jurisdiction of this action and issue all necessary orders and process to remove this action from the Circuit Court of Lowndes County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

Respectfully submitted,

Reid S. Manley(MAN039)
Alan D. Leeth (LEE038)

Attorneys for Defendants
CITIMORTGAGE, INC. AND CITIFINANCIAL CORPORATION, LLC

OF COUNSEL:

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to the below-listed address through first-class, United States mail, postage prepaid, on this the 22<u>nd</u> day of September, 2006:

Calvin Poole, III, Esq.
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037
(334) 382-3123

Kenneth J. Mendelsohn, Esq.
Jemison & Mendelsohn, P.C.
P.O. Box 241566
Montgomery, Alabama 36124
(334) 213-2323

OF COUNSEL

# SUMMONS
## -CIVIL-

### IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

| | | |
|---|---|---|
| Tommy Jones and Dianne Jones, | * | |
| | * | |
| **Plaintiffs,** | * | |
| | * | |
| V. | * | Civil Action No. CV-06- _97_ |
| | * | |
| CitiFinancial Mortgage Company, Inc.; Associates | * | |
| Financial Services Company of Alabama, Inc.; | * | |
| CitiFinancial Corporation 216 LLC; | * | |
| Defendants A, B, and C, intending to designate that | * | |
| person, firm, or corporation commonly known as and | * | |
| doing business as (or formerly doing business as) | * | |
| CitiFinancial Mortgage Company, Inc., Associates | * | |
| Financial Services Company of Alabama, Inc., and/or | * | |
| CitiFinancial Corporation 216 LLC; | * | |
| Defendants D, E, and F, intending to designate that | * | |
| person, firm, or corporation which is successor or assign | * | |
| of any of the above-named Defendants and which is | * | |
| the holder or assignee of the promissory note, extension | * | |
| agreement, or mortgage from the Plaintiffs, | * | |
| | * | |
| **Defendants.** | * | |

NOTICE TO **CitiFinancial Mortgage Company, Inc.**
    P. O. Box 142199
    Irving, Texas 75014-2199

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY CALVIN POOLE III, WHOSE ADDRESS IS P. O. BOX 308, GREENVILLE, AL 36037.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAYBE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:
❑ You are hereby commanded to serve this summons and a copy of the complaint upon the defendant.
☒ Service by certified mail of this summons is initiated upon the written request of Calvin Poole III, pursuant to the Alabama Rules of Civil Procedure.

Date _9/5/06_                    _Ruby_                    By: _OPM_
                                 Clerk/Register

---

☒ Certified Mail is hereby requested.                    _Calvin Poole_
                                         Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:
❑ Return receipt of certified mail received in this office on _____
                                         (Date)
❑ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama, on
_____.

---

| | | |
|---|---|---|
| Date _____ | **EXHIBIT A** | Server's Signature _____ |
| Address of Server _____ | | Type of Process Server _____ |

## SUMMONS
### -CIVIL-

IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

| | |
|---|---|
| Tommy Jones and Dianne Jones, | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| **v.** | *    Civil Action No. CV-06- $\underline{97}$ |
| | * |
| CitiFinancial Mortgage Company, Inc.; Associates | * |
| Financial Services Company of Alabama, Inc.; | * |
| CitiFinancial Corporation 216 LLC; | * |
| Defendants A, B, and C, intending to designate that | * |
| person, firm, or corporation commonly known as and | * |
| doing business as (or formerly doing business as) | * |
| CitiFinancial Mortgage Company, Inc., Associates | * |
| Financial Services Company of Alabama, Inc., and/or | * |
| CitiFinancial Corporation 216 LLC; | * |
| Defendants D, E, and F, intending to designate that | * |
| person, firm, or corporation which is successor or assign | * |
| of any of the above-named Defendants and which is | * |
| the holder or assignee of the promissory note, extension | * |
| agreement, or mortgage from the Plaintiffs, | * |
| | * |
| **Defendants.** | * |

NOTICE TO **Associates Financial Services Company of Alabama, Inc.**
        **c/o Ball, Ball, Matthews & Novak, P.A.**
        **2000 Interstate Park Drive, Suite 204**
        **Montgomery, Alabama 36109**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY CALVIN POOLE III, WHOSE ADDRESS IS P. O. BOX 308, GREENVILLE, AL 36037.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAYBE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:
❏ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.
☒ Service by certified mail of this summons is initiated upon the written request of Calvin Poole III, pursuant to the Alabama Rules of Civil Procedure.

Date    _9/5/06_               _Ruby_      By: _CSM_
                                             Clerk/Register

---

☒ Certified Mail is hereby requested.

                                     _Calvin Poole III_
                                      Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:
❏ Return receipt of certified mail received in this office on _____
                                                      (Date)
❏ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama, on _____ .

---
Date

---
Address of Server

---
Server's Signature

---
Type of Process Server

## SUMMONS
## -CIVIL-

### IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

| | |
|---|---|
| Tommy Jones and Dianne Jones, | * |
| | * |
| Plaintiffs, | * |
| | * |
| V. | *     Civil Action No. CV-06-__97__ |
| | * |
| CitiFinancial Mortgage Company, Inc.; Associates | * |
| Financial Services Company of Alabama, Inc.; | * |
| CitiFinancial Corporation 216 LLC; | * |
| Defendants A, B, and C, intending to designate that | * |
| person, firm, or corporation commonly known as and | * |
| doing business as (or formerly doing business as) | * |
| CitiFinancial Mortgage Company, Inc., Associates | * |
| Financial Services Company of Alabama, Inc., and/or | * |
| CitiFinancial Corporation 216 LLC; | * |
| Defendants D, E, and F, intending to designate that | * |
| person, firm, or corporation which is successor or assign | * |
| of any of the above-named Defendants and which is | * |
| the holder or assignee of the promissory note, extension | * |
| agreement, or mortgage from the Plaintiffs, | * |
| | * |
| Defendants. | * |



NOTICE TO **CitiFinancial Corporation 216 LLC**
    c/o The Corporation Company
    2000 Interstate Park Drive, Suite 204
    Montgomery, Alabama  36109

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY CALVIN POOLE III, WHOSE ADDRESS IS P. O. BOX 308, GREENVILLE, AL 36037.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAYBE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

---

TO ANY SHERIFF OR ANY PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:
❑ You are hereby commanded to serve this summons and a copy of the complaint in this action upon the defendant.
☒ Service by certified mail of this summons is initiated upon the written request of Calvin Poole III, pursuant to the Alabama Rules of Civil Procedure.

Date __9/5/06__              _Ruby_      By: _CBM_
                             Clerk/Register

---

☒ Certified Mail is hereby requested.

                             _Calvin Poole_
                             Plaintiff's/Attorney's Signature

---

RETURN ON SERVICE:
❑ Return receipt of certified mail received in this office on _____
                                   (Date)
❑ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama, on
_____.

_____
Date

_____
Address of Server

_____
Server's Signature

_____
Type of Process Server

# IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

Tommy Jones and Dianne Jones,      \*
                                        \*

    Plaintiffs,                      \*
                                        \*

V.                                    \*      Civil Action No. CV-06-_97_
                                        \*

CitiFinancial Mortgage Company, Inc.;  \*
Associates Financial Services           \*
Company of Alabama, Inc.;               \*
CitiFinancial Corporation 216 LLC;     \*
Defendants A, B, and C, intending to    \*
designate that person, firm, or corporation \*
commonly known as and doing business as \*
(or formerly doing business as)        \*
CitiFinancial Mortgage Company, Inc.,   \*
Associates Financial Services           \*
Company of Alabama, Inc., and/or      \*
CitiFinancial Corporation 216 LLC;     \*
Defendants D, E, and F, intending to    \*
designate that person, firm, or corporation \*
which is successor or assign of any of the  \*
above-named Defendants and which is    \*
the holder or assignee of the promissory  \*
note, extension agreement, or mortgage   \*
from the Plaintiffs,                   \*
                                        \*

    Defendants.                     \*



# <u>COMPLAINT</u>

1.    Plaintiffs, whose full names are Tommy F. Jones and Dianne D. Jones, are adult resident citizens of Alabama, and their address is P. O. Box 491, Fort Deposit, Alabama 36032-0491.

2.    Defendant, CitiFinancial Mortgage Company, Inc., is a corporation whose address is P. O. Box 142199, Irving, Texas 75014-2199, and which does business by agent in Lowndes County, Alabama.

3.    Defendant, Associates Financial Services Company of Alabama, Inc., is an Alabama corporation which does business in the State of Alabama, and whose address is c/o Ball, Ball, Matthews & Novak, P.A., 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109, its registered agent in Alabama for service of process.

4.    Defendant, CitiFinancial Corporation 216 LLC is believed to be a Delaware Limited Liability Company, and is believed to be successor, by merger, of Associates Financial Services Company of Alabama, Inc., with an address c/o The Corporation Company, 2000 Interstate Park Drive, Suite 204, Montgomery, Alabama 36109.

5.    On October 6, 1989, Plaintiffs entered into a loan agreement with Associates Financial Services Company of Alabama, Inc. (hereinafter referred to as "Associates"). This loan agreement provided that the Plaintiffs were to borrow $26,350.00, with an interest rate of 18.85% per year on the *unpaid principal balances*. The loan agreement provided that "interest will be computed on the unpaid principal balances," and also provided that, "if you pay off early, you will not have to pay a penalty." The payment schedule provided for 180 payments, with a total of payments to equal $83,304.26. The loan was secured by a mortgage, executed by the Plaintiffs, which pledged the home and residential property of the Plaintiffs. This mortgage was executed on October 9, 1989, and was filed for record in the Office of the Probate Judge of Butler County, Alabama, on October 13, 1989, and recorded in Mortgage Book 333, Page 498.

6.    Since the date of the original agreement, Defendant CitiFinancial Mortgage Company, Inc. (hereinafter referred to as "CitiFinancial"), has become the purported assignee of the debt and the holder of the mortgage.

7.    On June 4, 2002, Plaintiffs and Defendant CitiFinancial executed an "Extension Agreement," which provided for a new maturity date for the loan of July 15, 2005. The original maturity date had been October 15, 2004.

8.    On July 18, 2005, Plaintiffs made what they considered to be their final payment under the loan agreement (having paid in a total of $83,647.41 in loan payments), and were expecting to receive notification that their debt had been paid in full and that the mortgage on their home would be satisfied and cancelled on record in the Probate Office. Instead, they received a notice from CitiFinancial that their account was past due, and that they still owed a principal balance on the debt of $23,225.79. Plaintiffs attempted to contact CitiFinancial by telephone but were threatened with foreclosure of the mortgage on their home and received rude and harassing telephone calls from representatives of CitiFinancial who were attempting to collect the debt.

9.    Defendant CitiFinancial later sent to the Plaintiffs a letter reflecting that the Defendants had charged compound interest, that is to say that they had added unpaid interest back to the principal balance of the loan and then computed additional interest on the new principal balance, and that this practice had been occurring over the entire life of the loan. CitiFinancial also sent a letter attempting to explain the

calculation, and misrepresented the calculation by stating that the interest was calculated on a "simple interest" basis. The letter went on to say that changes in the timing of payments could result in no principal reduction even though a payment might not even be late.

10.    Plaintiffs' payments, if calculated on a simple interest basis, would reflect that the loan has not only been paid in full, but that it has been overpaid by $1,094.51. Defendants have unlawfully retained these excess funds which should have been reimbursed to the Plaintiffs.

11.    Defendants have refused to agree that the loan has been paid in full, and have refused to cancel the mortgage on the home and residence of the Plaintiffs. Plaintiffs have been unable to resolve this problem, and have been unable to secure additional credit from other sources due to the bad credit report which has been issued by Defendants as a result of this loan. Plaintiffs have also been subjected to worry, concern, and mental distress over the unlawful threat of foreclosure of the mortgage on their home.

12.    Some of Defendants have failed to obtain from the Alabama Secretary of State a certificate of authority to transact business in the State of Alabama.

## COUNT ONE - DECLARATORY JUDGMENT

Plaintiffs request a Declaratory Judgment that the mortgage referred-to above be satisfied on the basis that the secured debt has been paid in full, that the mortgage is due to be cancelled of record, and that certain of the Defendants have failed to qualify to do business in the State of Alabama as required by Alabama Code § 10-2B-15.01 and are therefore precluded from enforcing any purported contract rights against the Plaintiffs. Plaintiffs further request a Declaratory Judgment that the contracts and mortgage are void pursuant to Alabama Code § 10-2B-15.02.

## COUNT TWO - EQUITABLE RELIEF

Plaintiffs request that an injunction be issued ordering the Defendants to file an amended credit report showing that this debt has been paid in full, removing references to the delinquency of this account.

## COUNT THREE - CONVERSION

Plaintiffs claim damages both compensatory and punitive, against the Defendants for their conversion of $1,094.51, which was overpaid by the Plaintiffs to the Defendants, and which the Defendants have withheld and refuse to reimburse to the Plaintiffs.

## COUNT FOUR - FRAUD AND MISREPRESENTATION

Plaintiffs claim damages against Defendants for fraud and misrepresentation, with the specific allegations being as follows:

1.  The original note represented that interest would only be charged the "unpaid principal balance," but in fact, the Defendants charged interest on unpaid interest payments, as well.

2.  The original loan agreement provided that "if you pay off early, you will not have to pay a penalty." However, subsequent correspondence by the Defendants revealed that this was not true. Correspondence from CitiFinancial revealed that if the payment for one month were made early, but the payment for the following month were made at the regular time, then there would be "no principal reduction," thereby in effect, amounting to a penalty for the earlier payment of the previous month's payment.

3.  Correspondence from CitiFinancial stated that interest was calculated "based on the use of a simple interest method of calculating finance charges." This representation was made in the course of attempts to justify the delinquent amount alleged by CitiFinancial and to collect the debt. This representation was false, as calculations show that CitiFinancial was using compound interest calculations rather than simple interest calculations.

## COUNT FIVE - BREACH OF CONTRACT

Plaintiffs claim compensatory damages, including damages for mental and emotional distress, due to the potential loss of their home due to foreclosure as a result of the breach of contract on the part of the Defendants. Plaintiffs have fulfilled all of their obligations under the loan agreement and the modifications thereof, and yet Defendants have refused to acknowledge full payment of the debt and have refused to cancel the mortgage which was given as security for the debt. In addition, Defendants have breached the contract by violating Alabama Code § 8-8-11 and therefore, under Alabama Code § 8-8-12, Plaintiffs claim reimbursement and refund of all interest and finance charges paid over the course of the loan.

## COUNT SIX - CONCEALMENT

Plaintiffs were harmed and claim damages because Defendants hid or withheld important facts from them. The specific facts withheld by the Defendants were that the interest would be calculated on a compound interest basis, and also that a payment, even though made on time, if not made within 30 days of the previous payment, would result in no principal reduction to the loan. These facts were not disclosed to the Plaintiffs at the time the contract was entered into. Defendants

had a duty to disclose these facts, but failed to do so. Plaintiffs, as a result, were induced to enter into the contract, and have now suffered damages.

**Poole & Poole**

By: .... *Calvin Poole* ........................

Calvin Poole III,
Attorney for Plaintiff

Of Counsel:

Mr. Calvin Poole III (POO003)
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037
Telephone: (334) 382-3123
calvin@poolelaw.com

**Jemison & Mendelsohn, P.C.**

By: .... *Kenneth J. Mendelsohn* ........................

Kenneth J. Mendelsohn
Attorney for Plaintiff

Of Counsel:

Mr. Kenneth J. Mendelsohn (MEN001)
Jemison & Mendelsohn, P.C.
P. O. Box 241566
Montgomery, AL 36124
Telephone: (334) 213-2323
kenny@jmj-law.com

## JURY DEMAND

Plaintiffs demand trial by jury on all issues triable by a jury.

.... *Calvin Poole* ........................

Calvin Poole III,
Attorney for Plaintiff
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037
Telephone: (334) 382-3123

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**CitiFinancial Corporation 216 I.**
**c/o The Corporation Company**
**2000 Interstate Park Drive, Suite 204**
**Montgomery, Alabama   36109**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _S. Sauson_
☐ Agent
☑ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
S-Sauson    9-7-06

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7004 2890 0003 0095 2140

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Associates Financial Services Co. of AL, Inc.**
**c/o Ball, Ball, Matthews & Novak, P.A.**
**2000 Interstate Park Drive, Suite 204**
**Montgomery, Alabama   36109**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _S. Sauson_
☐ Agent
☑ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
S. Sauson    9-7-06

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7004 2890 0003 0095 2164

PS Form **3811**, February 2004    Domestic Return Receipt    102595-02-M-1540

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**CitiFinancial Mortgage Company, Inc.**
**P. O. Box 142199**
**Irving, Texas 75014-2199**

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _Albert Reed_    ☐ Agent   ☐ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery
Albert Reed

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
*(Transfer from service label)*   **7004 2890 0003 0095 2157**

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540



**CT**

a Wolters Kluwer business

CT
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

334 387 7680 tel
334 387 7682 fax
www.ctlegalsolutions.com



September 07, 2006

Calvin Poole, III
PO Box 308,
Greenville, AL 36037

Re: Tommy Jones & Dianne Jones, Pltfs. vs. Citifinancial Mortgage Company, Inc., et al. including
Citifiancial Corporation 216, LLC, Dfts.
Case No. CV 06 97

Dear Sir/Madam:

We are herewith returning the Summons, Complaint which we received regarding the above captioned matter.

Citifiancial Corporation 216, LLC is not listed on our records or on the records of the State of AL.

Very truly yours,

Connie Tinsley

Log# 511457968

CERTIFIED MAIL L 70050390000140718036

cc: Lowndes County Circuit Court
    1 Washington Street,
    Hayneville, AL 36040

cc: New York SOP Support





**CT**
a Wolters Kluwer business

CT
2000 Interstate Park Drive
Suite 204
Montgomery, AL 36109

334 387 7680 tel
334 387 7682 fax
www.ctlegalsolutions.com



September 07, 2006

Calvin Poole III
PO Box 308,
Greenville, AL  36037

Re:  Tommy Jones & Dianne Jones, Pltfs. vs. Citifiancial Mortgage Company, Inc., et al. including Associates
Financial Services Company of Alabama, Inc., Dfts.
Case No.  CV 06 97

Dear Sir/Madam:

We are herewith returning the Summons, Complaint which we received regarding the above captioned matter.

Associates Financial Services Company of Alabama, Inc. is not listed on our records or on the records of the
State of AL.

Very truly yours,

Connie Tinsley

Log# 511457976

CERTIFIED MAIL L 70050390000140718036

cc: Lowndes County Circuit Court
    1 Washington Street,
    Hayneville, AL  36040

cc: New York SOP Support



# IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

| | |
|---|---|
| Tommy Jones and Dianne Jones, | * |
| | * |
| **Plaintiffs,** | * |
| | * |
| V. | *    Civil Action No. CV-06-___ *97* |
| | * |
| CitiFinancial Mortgage Company, Inc.; | * |
| Associates Financial Services | * |
| Company of Alabama, Inc.; | * |
| CitiFinancial Corporation 216 LLC; | * |
| Defendants A, B, and C, intending to | * |
| designate that person, firm, or corporation | * |
| commonly known as and doing business as | * |
| (or formerly doing business as) | * |
| CitiFinancial Mortgage Company, Inc., | * |
| Associates Financial Services | * |
| Company of Alabama, Inc., and/or | * |
| CitiFinancial Corporation 216 LLC; | * |
| Defendants D, E, and F, intending to | * |
| designate that person, firm, or corporation | * |
| which is successor or assign of any of the | * |
| above-named Defendants and which is | * |
| the holder or assignee of the promissory | * |
| note, extension agreement, or mortgage | * |
| from the Plaintiffs, | * |
| | * |
| **Defendants.** | * |



## PLAINTIFFS' REQUEST
## FOR PRODUCTION OF DOCUMENTS

Come now the Plaintiffs, and request that Defendants produce for inspection and copying the following documents, pursuant to Rule 34 of the Alabama Rules of Civil Procedure:

1.    All records, documents or writings of any kind relating to the loan transaction or mortgage transaction which is the basis of the Complaint, including, but not limited to the following: promissory note, truth in lending disclosure, mortgage, extension or modification agreements, payment schedules, ledger records of payments made, correspondence, notices, internal memos relating to collection efforts, memos or

written instructions with regard to the computation of interest or the computation of balance due on the loan.

2.     All records, documents or writings of any kind which in any way relate to the transfer or assignment of the note, mortgage, debt, or contract from Associates Financial Services Company of Alabama, Inc., to any other entity or entities.

3.     All records, documents or writings of any kind which in any way relate to corporate succession, merger, dissolution of any of the named Defendants or any successor of them which is not named in the Complaint.

                                   **Poole & Poole**

                    By:  ....................................................................
                                   Calvin Poole III,
                                   Attorney for Plaintiff

Of Counsel:

Mr. Calvin Poole III (POO003)
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037
Telephone: (334) 382-3123
calvin@poolelaw.com

# CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Defendants along with a copy of the Complaint.

....................................................................
Of Counsel:

Calvin Poole III
POOLE & POOLE
Attorneys at Law
P.O. Box 308
Greenville, Alabama  36037
Telephone: (334) 382-3123