IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 SEP 25 A 11: 22

| | |
|---|---|
| TOMMY JONES AND DIANNE JONES, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITIFINANCIAL MORTGAGE COMPANY, )<br>INC.; ASSOCIATES FINANCIAL SERVICES )<br>COMPANY OF ALABAMA, INC.; )<br>CITIFINANCIAL CORPORATION 216, LLC; )<br>Defendants A, B, And C, intending to designate )<br>that person, firm, or corporation commonly )<br>known as and doing business as (or formerly )<br>doing business as) CitiFinancial Mortgage )<br>Company, Inc., Associates Financial Services )<br>Company of Alabama, Inc., and/or CitiFinancial )<br>Corporation 216, LLC; Defendants D, E, and F, )<br>intending to designate that person, firm, or )<br>corporation which is successor or assign of any of )<br>the above-named Defendants and which is the )<br>holder or assignee of the promissory note, )<br>extension agreement, or mortgage from the )<br>Plaintiffs, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 2:06 cv 850-MHT |

## ANSWER TO COMPLAINT

**COME NOW** Defendants CitiMortgage, Inc. (successor by merger to CitiFinancial Mortgage Company, Inc.) and CitiFinancial Corporation, LLC (successor by merger to CitiFinancial Corporation 216, LLC successor by merger to Associates Financial Services Company of Alabama, Inc.) (hereinafter collectively referred to as "Defendants"), by and through their undersigned counsel, appearing specially so as to preserve any and all defenses available under Rule 12 of the Federal Rules of Civil Procedure, any and all defenses under the

1501477

federal laws of bankruptcy and specifically preserving the right to demand arbitration pursuant to contractual agreements and the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*, and for their response to plaintiffs' complaint, state as follows:

## **FIRST DEFENSE**

For their response to the specifically-enumerated paragraphs of plaintiffs' complaint, Defendants state as follows:

1. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 1 of plaintiffs' complaint and, therefore, must deny the same and demand strict proof thereof.

2. Defendants deny the allegations in Paragraph 2 of plaintiffs' complaint and demand strict proof thereof.

3. Defendants deny the allegations in Paragraph 3 of plaintiffs' complaint and demand strict proof thereof.

4. Defendants deny the allegations in Paragraph 4 of plaintiffs' complaint and demand strict proof thereof.

5. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 5 of plaintiffs' complaint and, therefore, must deny the same and demand strict proof thereof.

6. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 6 of plaintiffs' complaint and, therefore, must deny the same and demand strict proof thereof.

7. Defendants are without sufficient knowledge or information to admit or deny the allegations in Paragraph 7 of plaintiffs' complaint and, therefore, must deny the same and demand strict proof thereof.

8. Defendants deny the allegations in Paragraph 8 of plaintiffs' complaint and demand strict proof thereof.

9. Defendants deny the allegations in Paragraph 9 of plaintiffs' complaint and demand strict proof thereof.

10. Defendants deny the allegations in Paragraph 10 of plaintiffs' complaint and demand strict proof thereof.

11. Defendants admit that the loan has not been paid in full. Defendants deny the remaining allegations in Paragraph 11 of plaintiffs' complaint and demand strict proof thereof

12. Defendants deny the allegations in Paragraph 12 of plaintiffs' complaint and demand strict proof thereof.

## COUNT ONE - DECLARATORY JUDGMENT

Defendants deny the averments of Count One of plaintiffs' complaint and demand strict proof thereof. Defendants specifically deny that plaintiffs are entitled to any judgment, damages, equity or other relief whatsoever and demand strict proof thereof.

## COUNT TWO - EQUITABLE RELIEF

Defendants deny the averments of Count Two of plaintiffs' complaint and demand strict proof thereof. Defendants specifically deny that plaintiffs are entitled to any judgment, damages, equity or other relief whatsoever and demand strict proof thereof.

## COUNT THREE - CONVERSION

Defendants deny the averments of Count Three of plaintiffs' complaint and demand strict proof thereof. Defendants specifically deny that plaintiffs are entitled to any judgment, damages, equity or other relief whatsoever and demand strict proof thereof.

## COUNT FOUR - FRAUD AND MISREPRESENTATION

Defendants deny the averments of Count Four of plaintiffs' complaint, including all subparts, and demand strict proof thereof. Defendants specifically deny that plaintiffs are entitled to any judgment, damages, equity or other relief whatsoever and demand strict proof thereof.

## COUNT FIVE - BREACH OF CONTRACT

Defendants deny the averments of Count Five of plaintiffs' complaint and demand strict proof thereof. Defendants specifically deny that plaintiffs are entitled to any judgment, damages, equity or other relief whatsoever and demand strict proof thereof.

## COUNT SIX - CONCEALMENT

Defendants deny the averments of Count Six of plaintiffs' complaint and demand strict proof thereof. Defendants specifically deny that plaintiffs are entitled to any judgment, damages, equity or other relief whatsoever and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### SECOND DEFENSE

Plaintiffs' claims are barred by the statute of limitations and laches.

### THIRD DEFENSE

Plaintiffs' complaint, and each count therein, fails to state a claim against Defendants upon which relief can be granted.

## FOURTH DEFENSE

Plaintiffs are precluded from proceeding in a judicial forum because it agreed to arbitrate its claims. The agreement by the parties to arbitrate their disputes is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*

## FIFTH DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

## SIXTH DEFENSE

Plaintiffs' claims are barred because Defendants did not falsely represent any material fact to the Plaintiffs, or suppress any such fact.

## SEVENTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs are not legally entitled to rely on any representations or suppressions by Defendants.

## EIGHTH DEFENSE

Plaintiffs' claims are barred because Plaintiffs and Defendants dealt at arms length.

## NINTH DEFENSE

Plaintiffs' claims are barred because Defendants were not under any obligation to disclose information to the Plaintiffs.

## TENTH DEFENSE

To the extent Plaintiffs have suffered any damages, such damages were caused by and are the responsibility of persons, parties, and/or entities other than Defendants, including Plaintiffs' contributory and/or comparative negligence.

## ELEVENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of accord and satisfaction, settlement, payment, and release.

## TWELFTH DEFENSE

Plaintiffs' claims should be barred, or at least reduced, by the doctrines of set-off and recoupment.

## THIRTEENTH DEFENSE

Plaintiffs' claims are barred by the parol evidence rule.

## FOURTEENTH DEFENSE

Plaintiffs' claims are barred by the doctrines of ratification, consent, acquiescence, waiver, estoppel, *res judicata*, collateral estoppel and unclean hands.

## FIFTEENTH DEFENSE

Defendants' actions were justified and are immune from liability.

## SIXTEENTH DEFENSE

Defendants plead the general issue.

## SEVENTEENTH DEFENSE

Defendants deny that plaintiffs are entitled to any relief whatsoever.

## EIGHTEENTH DEFENSE

Defendants are not liable because they have acted in good faith in conformity with applicable rules, regulations, and statutory interpretations.

## NINETEENTH DEFENSE

Venue is improper and inconvenient as to Defendants and does not serve the interests of justice.

## TWENTIETH DEFENSE

Plaintiffs' claims are barred by preemption by governmental regulation/authorization pursuant to the appropriate statutory authority.

## TWENTY-FIRST DEFENSE

Defendants deny that they have been guilty of any conduct which entitles plaintiffs to recover punitive damages.

## TWENTY-SECOND DEFENSE

The complaint fails to state a claim upon which punitive damages may be awarded.

## TWENTY-THIRD DEFENSE

Defendants aver that an award of punitive damages in this case would serve no purpose for which punitive damages are awarded in Alabama.

## TWENTY-FOURTH DEFENSE

Punitive damages cannot be upheld to the extent they violate or contravene the holding of the United States Supreme Court in the cases of *BMW v. Gore*, 517 U.S. 559 (1996) and *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001).

## TWENTY-FIFTH DEFENSE

Plaintiffs are not entitled to recover punitive damages pursuant to Ala. Code section 6-11-20.

## TWENTY-SIXTH DEFENSE

The claims of Plaintiffs for punitive damages against Defendants cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Alabama law would violate

Defendants' due process rights guaranteed by the United States Constitution and by the due process provisions of Alabama's Constitution.

### TWENTY-SEVENTH DEFENSE

Plaintiffs' claims for punitive damages cannot be upheld under *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996) to the extent it considers profits, if any, earned by Defendants other than profits earned in this state which relate to the alleged wrongful conduct at issue.

### TWENTY-EIGHTH DEFENSE

The claims of Plaintiffs for punitive damages against Defendants cannot be upheld to the extent they are based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violate the laws of those other states; to do so would be to violate Defendants' rights under the Alabama Constitution and the United States Constitution.

### TWENTY-NINTH DEFENSE

The claims of Plaintiffs for punitive damages against Defendants cannot be upheld to the extent they are in violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages or the amount of such damages or specifying the procedure by which such damages may be awarded.

### THIRTIETH DEFENSE

If Plaintiffs have suffered any damages, the damages were caused, in whole or in part, by the acts or omissions of third parties for whom Defendants should not be held responsible.

### THIRTY-FIRST DEFENSE

Defendants plead insufficiency of process and insufficiency of service of process.

### THIRTY-SECOND DEFENSE

Defendants do not have the requisite "minimum contacts" for this Court to exercise personal jurisdiction over Defendants.

### THIRTY-THIRD DEFENSE

Defendant affirmatively invokes and asserts all defenses created by and under the Fair Credit Report Act, 15 U.S.C. §§ 1681, *et seq.*

Defendants reserve the right to assert additional defenses as discovery progresses in this case. To the extent that any of the foregoing allegations in the complaint have not been expressly admitted or denied, they are hereby denied.

Dated this the 20th day of September, 2006.

Respectfully submitted,

/s/

Reid S. Manley (MAN039)
Alan D. Leeth (LEE038)

Attorneys for Defendants
CITIMORTGAGE, INC. AND CITIFINANCIAL CORPORATION, LLC

**OF COUNSEL:**

BURR & FORMAN LLP
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on the following by directing same to the below-listed address through first-class, United States mail, postage prepaid, on this the 22ND day of September, 2006:

Calvin Poole, III, Esq.
Poole & Poole
P.O. Box 308
Greenville, Alabama 36037
(334) 382-3123

Kenneth J. Mendelsohn, Esq.
Jemison & Mendelsohn, P.C.
P.O. Box 241566
Montgomery, Alabama 36124
(334) 213-2323

_____
OF COUNSEL